IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MALACHY P. LYONS, JR.,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant.

Case No. 2:24-cv-03370-ARL

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

On the brief:
Linda Wong, Esq.
Scott Platton, Esq.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................................................................ii
**INTRODUCTION**.................................................................................................................................. 1
**PROCEDURAL HISTORY** .................................................................................................................. 2
**STATEMENT OF FACTS**.................................................................................................................... 3
    **A.**     **Allstate's Mutual Arbitration Agreement**...................**Error! Bookmark not defined.**
    **B.**     **Plaintiff Agreed to the MAA** ................................................................................... 3
    **C.**     **Plaintiff Sued Allstate in Court Despite the Arbitration Agreement** ........................ 3
**LEGAL ARGUMENT**........................................................................................................................... 3
**POINT I.** ................................................................................................................................................. 3
    **A.**     **Public Policy Favors Enforcing Arbitration Agreements** .......................................... 3
**POINT II.**............................................................................................................................................... 5
    **B.**     **Plaintiff's Claims are Subject to Arbitration** ................................................................. 5
      *1.*     *The Parties' Arbitration Agreement is Valid and Enforceable*........................................ 6
          (a)     Offer. ............................................................................................................... 8
          (b)     Acceptance. ...................................................................................................... 7
          (c)     Consideration. ................................................................................................. 9
      *2.*     *The Arbitration Agreement Covers Plaintiff's Claims* ...................................... 11
      *3.*     *This Action Should be Stayed Pursuant to the Parties' Arbitration Agreement* ............ 12
**CONCLUSION** .................................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Accord Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231 (2d Cir. 2006) .......................................... 12

*Accord Brown v. St. Paul Travelers Cos.*, 559 F.Supp.2d 288 (W.D.N.Y. 2008) ........................ 10

*Accord JLM Indus., Inc. v. Stolt-Nielsen SA,* 387 F.3d 163 (2d Cir. 2004) ................................... 7

*Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) ......................................................... 6

*AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011) ........................................................... 6

*Bottini v. Lewis & Judge Co.,* 211 A.D.2d 1006, 621 N.Y.S.2d 753 (App. Div. 3d Dep't 1995)  10

*Brown v. Coca-Cola Enters., Inc.*, No. 08-3231, 2009 U.S. Dist. LEXIS 35798 (E.D.N.Y. Apr. 28, 2009) ..................................................................................................................................... 9

*Chanchani v. Salomon/Smith Barney, Inc.*, No. 99-9219, 2001 U.S. Dist. LEXIS 2036, *9 (S.D.N.Y. Mar. 1, 2001) ............................................................................................................. 9

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) ................................................................. 6

*Concilla v. May*, 214 A.D.2d 848, 849, 625 N.Y.S.2d 346 (App. Div. 1st Dep't 1995) ................. 8

*Credit Suisse First Boston Corporation v. William Pitofsky*, 4 N.Y.3d 149, 791 N.Y.S.2d 489, 492 (2005) ................................................................................................................................ 11

*First Options v. Kaplan*, 514 U.S. 938 (1995) .............................................................................. 11

*Fletcher v. Kidder, Peabody & Co.*, 81 N.Y.2d 623, 601 N.Y.S.2d 686 (1993) ......................... 6, 7

*Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840 (2d Cir. 1987) ............................................ 7, 10

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ....................................................... 5

*Gonzalez v. Toscorp Inc.*, No. 97-8158, 1999 U.S. Dist. LEXIS 12109, *5-7 (S.D.N.Y. Aug. 5, 1999) ........................................................................................................................................ 10

*Green Tree Financial Corp. v. Bazzle*, 123 S.Ct. 2401 (2003) ...................................................... 6

*Hamerslough v. Hipple*, No. 10-3056, 2010 U.S. Dist. LEXIS 119694, *5 (S.D.N.Y. Nov. 4, 2010) ......................................................................................................................................... 7

*Hanlon v. MacFadden Publ'ns, Inc.,* 302 N.Y. 502, 99 N.E.2d 546 (1951) ................................. 10

*Hellenic Lines Ltd. v. Louis Dreyfus Corp.,* 372 F.2d 753 (2d Cir. 1967) .................................... 11

*Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002) ................................................................ 11

*In re Salomon Inc. Shareholders' Derivative Litigation,* 68 F.3d 554 (2d Cir. 1995) .................... 5

*Johnson v. Tishman Speyer Properties, L.P.*, No. 09Civ.1959, 2009 U.S. Dist. LEXIS 96464 (S.D.N.Y. Oct. 16, 2009) ................................................................................................ 6

*Kowalchuk v. Stroup*, 61 A.D.3d 118, 873 N.Y.S.2d 43 (App. Div. 1st Dep't 2009) ..................... 8

*Lumhoo v. The Home Depot USA, Inc.,* 229 F.Supp.2d 121, 161 (E.D.N.Y. 2002) ....................... 8

*Matter of Smith Barney Shearson v. Sacharow*, 91 N.Y.2d 39, 666 N.Y.S.2d 990 (1997) ............ 6

*Molina v. Coca-Cola Enters., Inc.*, No. 08-6370, 2009 U.S. Dist. LEXIS 47828 (W.D.N.Y. June 8, 2009) ............................................................................................................................. 9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983) ............................ 6, 12

*Oscar Prods., Inc. v. Zacharius,* 893 F.Supp. 250 (S.D.N.Y. 1995) .............................................. 8

*Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 4 (2d Cir. 1993) ................................................................................................................................ 8

*Tinder v. Pinkerton Security* 305 F.3d 728 (7th Cir. 2002) ......................................................... 11

*United Steelworkers of America v. Warrior & Gulf Navigation Co.* 363 U.S. 574 (1960) .......... 12

*Waldman v. Englishtown Sportswear, Ltd.,* 92 A.D.2d 833, 460 N.Y.S.2d 552 (App. Div. 1st Dep't 1983) ...................................................................................................................... 11

**Statutes**

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 *et seq* ............................................ 2

# INTRODUCTION

Defendant Allstate Insurance Company ("Allstate"), by and through its attorneys, Wong Fleming, P.C. hereby move to compel arbitration, pursuant to 9 U.S.C. §§ 3 and 4, and to stay this action.

Plaintiff Malachy P. Lyons, Jr. ("Plaintiff"), a former Allstate employee, agreed to arbitrate "any and all claims against Allstate that could be brought in a court including, without limitation, all claims arising directly or indirectly for your employment or termination." *See* "Mutual Arbitration Agreement", ¶1, attached hereto as **Exhibit A**. His agreement to arbitrate "encompasses claims under federal, state, and/or local statute, regulations, ordinances, and/or common law." (*Id.*) By filing his Complaint, and asserting statutory and common law claims, Plaintiff has violated his agreement to arbitrate. Allstate requests this Court to issue an order compelling Plaintiff to arbitrate his claims, and stay this action against Allstate pending the outcome of the arbitration.

## PROCEDURAL HISTORY

On May 7, 2024, Plaintiff commenced this action against Allstate by filing a Complaint (hereinafter, "Complaint"), alleging that he was subject to discrimination based on his age and religion, unlawfully retaliated against and terminated due to his age and religious beliefs, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 *et seq*.

# STATEMENT OF FACTS

### A.     Allstate's Mutual Arbitration Agreement

In 2019, Allstate adopted a Mutual Arbitration Agreement ("MAA" or "the Agreement"). Copies were provided to employees on the same day, with employees being told to review, sign and return the form within 60 days. (Declaration of Mary Anne Empleo at ¶12.) Employees were further informed that if they took no action (such as signing the form or resigning from Allstate), their continued employment after December 2, 2019 would otherwise signify acceptance of the Agreement and the employees' intention to be bound by the Agreement. (*Id.* at ¶13.)

By signing or otherwise accepting the Agreement, employees agreed to arbitrate any and all claims (with limited exceptions) against Allstate, pursuant to the Federal Arbitration Act ("FAA") (Exh. A at ¶1.) Claims for workers' compensation or unemployment; claims based upon retirement and equity plans; and claims that by federal law that are not subject to mandatory binding arbitration are exempt, and employees are able to bring administrative charges with a federal, state, or local administrative agency, such as the National Labor Relations Board (NLRB) and Equal Employment Opportunity Commission (EEOC). *(*Exh. A at ¶2.) The MAA explicitly states Allstate's commitment to non-retaliation, and the right of employees to challenge the enforceability of the MAA without fear of threats, discipline or discharge.  (Exh. A at ¶3.)

### B.     Plaintiff Agreed to the MAA

Plaintiff was presented with the MAA on October 21, 2019, and told to return the signed form within 60 days. (Decl. Empleo at ¶23). Plaintiff was further informed that if he did not sign the form his continued employment at Allstate beyond December 2, 2019, would also constitute

acceptance of the MAA. (Decl. Empleo at ¶¶13, 23.) The HR Workforce Digital Solutions Team reviewed its records to determine if Plaintiff had returned a copy of the MAA. (Decl. Empleo at ¶24.) According to the records, Plaintiff never returned a signed copy of the MAA. (*Id.*)  By choosing not to return a signed copy of the MAA but continuing to work at Allstate beyond December 2, 2019, Plaintiff indicated his consent to the Agreement.

        **C.**      **Plaintiff Sued Allstate in Court Despite the Arbitration Agreement**

Plaintiff has filed his action in the Eastern District of New York, in contravention of the arbitration provisions of the MAA.  His claims are clearly arbitrable and he should be compelled to present these claims to arbitration.

# LEGAL ARGUMENT

Plaintiff had notice of Allstate's Mutual Arbitration Agreement. When the MAA was sent to incumbent employees, they were informed that they had 60 days to review and sign it, but that if they took no action (such as signing the form or resigning from Allstate), their continued employment after December 2, 2019 would signify acceptance of the MAA. By continuing his employment with Allstate, Plaintiff entered into a binding agreement to arbitrate all of his employment-related claims, including those raised in this matter. Therefore, Plaintiff should be compelled to arbitrate his claims, and the Court should stay this action, pending resolution of the arbitration.

## POINT I.

### A. Public Policy Favors Enforcing Arbitration Agreements

The mandatory arbitration of employment claims under the MAA explicitly states:

> Except as noted below, you agree to arbitrate any and all claims against Allstate that could be brought in a court including, without limitation, all claims arising directly or indirectly from your employment or termination. This Agreement includes, without limitation, claims under federal, state, and/or local statutes, regulations, ordinances, and/or common law. This Agreement is governed by the Federal Arbitration Act. Allstate agrees to arbitrate any and all claims against you.

(Exh. A, ¶1.)

Congress enacted the Federal Arbitration Act ("FAA") to reverse decades of judicial hostility toward arbitration agreements and to place these agreements on the same footing as other contracts. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA governs the interpretation of arbitration provisions contained in contracts that affect interstate commerce and applies to all questions of interpretation, construction, validity, revocability and enforceability. *See In re Salomon Inc. Shareholders' Derivative Litigation,* 68 F.3d 554 (2d Cir. 1995). The United

States Supreme Court and New York courts have made it clear that statutory claims arising from the employment relationship are subject to mandatory arbitration. *Green Tree Financial Corp. v. Bazzle*, 123 S.Ct. 2401 (2003); *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991); *Johnson v. Tishman Speyer Properties, L.P.*, No. 09Civ.1959, 2009 U.S. Dist. LEXIS 96464 (S.D.N.Y. Oct. 16, 2009) (New York state and city discrimination claims subject to arbitration); *Fletcher v. Kidder, Peabody & Co.*, 81 N.Y.2d 623, 601 N.Y.S.2d 686 (1993) (New York Human Rights Act claims subject to mandatory arbitration).

The FAA permits private parties to waive the judicial process, with its expense and delays, for the lower cost, informality, simplicity and speed of arbitration. *See, e.g., AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1748-49 (2011); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) (arbitration "is usually cheaper and faster than litigation"). "Section 2 of the FAA is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of this section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also Matter of Smith Barney Shearson v. Sacharow*, 91 N.Y.2d 39, 49, 666 N.Y.S.2d 990 (1997) (acknowledging "the long and strong public policy favoring arbitration" under New York law and stating that "this State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties."). Guided by the FAA, the U.S. Supreme Court has repeatedly held that arbitration agreements are to be read liberally to affect their purpose, and are to be "rigorously enforced." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-25; *Perry v. Thomas*, 482 U.S. 483, 490 (1987). The case at hand is no exception.

## POINT II.

B. **Plaintiff's Claims are Subject to Arbitration**

When asked to dismiss or stay proceedings pending arbitration, the Court begins with the premise that the enforceability of an arbitration agreement is governed by the FAA, even if the claim itself arises under New York state law. *Fletcher*, 81 N.Y.2d at 631. Under the FAA, courts have four tasks in considering whether a claim is arbitrable: "(1) determine whether the parties agreed to arbitrate; (2) determine the scope of that agreement; (3) if [ ] statutory claims are asserted, consider whether [the legislature] intended those claims to be nonarbitrable; and (4) if some, but not all of the claims in the case are arbitrable, determine whether to stay the nonarbitrable claims." *See Hamerslough v. Hipple*, No. 10-3056, 2010 U.S. Dist. LEXIS 119694, *5 (S.D.N.Y. Nov. 4, 2010) (citing *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir. 1987)). *Accord JLM Indus., Inc. v. Stolt-Nielsen SA,* 387 F.3d 163, 169 (2d Cir. 2004).

   *1.   The Parties' Arbitration Agreement is Valid and Enforceable*

The FAA provides that when an enforceable arbitration agreement exists between the parties, a court may enforce that agreement by staying existing litigation pending the arbitration, or by compelling the parties to arbitrate. *See,* 9 U.S.C. § § 3, 4. There is a "strong federal policy favoring arbitration." *See Edwards v. Macy's Inc.*, 2015 U.S. Dist. LEXIS 86816 (S.D.N.Y. June 30, 2015). On a motion to compel arbitration the Court must determine whether a valid agreement to arbitrate exists and whether the issue sought to be arbitrated falls within the scope of the agreement. *Graham v. Command Sec. Corp.,* 46 Misc. 3d 1224(A), 13 N.Y.S.3d 850, 2014 N.Y. Misc. LEXIS 5860 (Sup. Ct. Westchester Co. 2014). "Ordinary state-law [contract] principles" govern "whether the parties agreed to arbitrate a certain matter…." *First Options of Chicago, Inc.*

*v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 45-46 (2d Cir. 1993). Under New York law, the requirements for the formation of a contract are "(a) offer; (b) acceptance; and (c) consideration." *Lumhoo v. The Home Depot USA, Inc.*, 229 F.Supp.2d 121, 161 (E.D.N.Y. 2002) (citing *Oscar Prods., Inc. v. Zacharius*, 893 F.Supp. 250, 255 (S.D.N.Y. 1995)); *see also Kowalchuk v. Stroup*, 61 A.D.3d 118, 873 N.Y.S.2d 43 (App. Div. 1st Dep't 2009). "[T]he existence of a contract may be established through the conduct of the parties recognizing the contract." *Lumhoo*, 229 F.Supp.2d at 161. All of the requirements for an enforceable agreement to arbitrate were met in this case.

(a) <u>Offer.</u>

Allstate made an offer to arbitrate to Plaintiff when Allstate notified him about the MAA on October 21, 2019 and in the documentation provided to him and other Allstate employees. *Concilla v. May*, 214 A.D.2d 848, 849, 625 N.Y.S.2d 346 (App. Div. 1st Dep't 1995) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 24 (1981) ("'An offer is the manifestation of willingness to enter into a bargain."). Allstate communicated its offer to arbitrate to Plaintiff when Plaintiff received a copy of the MAA on October 21, 2019 along with instructions to complete it within 60 days. (*See* Decl. Empleo at ¶23.)

(b) <u>Acceptance.</u>

Plaintiff accepted the offer to arbitrate his employment-related claims by continuing his employment with Allstate. Employees were informed that, upon receipt of the MAA, they had 60 days to review and sign the form, and that if they took no action (such as by signing the form or resigning from Allstate), their continued employment after December 2, 2019 would signify acceptance of the Agreement. (Decl. Empleo at ¶¶13, 23.) By choosing to not sign the MAA form,

despite the opportunity to do so, and by choosing to continue his employment after receiving notice of the arbitration agreement, Plaintiff manifested his assent to be bound by its terms.

The Second Circuit expressly addressed an employer's arbitration policy, applying New York law. *Manigault v. Macy's East, LLC*, 318 Fed. Appx. 6 (2d Cir. 2009). It held that an employee agreed to arbitration under the employer's arbitration agreement by continuing his employment after receiving notice of the arbitration program and electing to not opt out. *Id.*, 318 Fed. Appx. *8. "A contract may be formed by words or by conduct that demonstrate the parties' mutual assent." *Id*. Further, "[a]n employee may consent to a modification to the terms of employment by continuing to work after receiving notice of the modification." *Id.* Under New York law, "continued employment, without more, is sufficient to manifest assent." *Id.* As in *Manigault*, Plaintiff opted to continue his employment with Allstate after receiving explicit notice of the MAA. *See also, Feroce v. Bloomingdale's Inc.*, 2014 U.S. Dist. LEXIS 9119 (E.D.N.Y. Jan. 23, 2014) (holding that plaintiff consented to arbitration by choosing not to opt out after being informed of the opt out procedure through multiple channels, and continuing to work for defendant employer); *Dubois v. Macy's East Inc.*, No. 06-6522, 2007 U.S. Dist. LEXIS 66500 (E.D.N.Y. July 13, 2007), affirmed, 338 Fed. Appx. 32 (2d Cir. 2009) (compelling arbitration under arbitration agreement where plaintiff elected to not opt out); *Molina v. Coca-Cola Enters., Inc.*, No. 08-6370, 2009 U.S. Dist. LEXIS 47828 (W.D.N.Y. June 8, 2009) (employee who continued to work after receiving notice of employer's arbitration policy was subject to arbitration); *Brown v. Coca-Cola Enters., Inc.*, No. 08-3231, 2009 U.S. Dist. LEXIS 35798 (E.D.N.Y. Apr. 28, 2009) (same); *Chanchani v. Salomon/Smith Barney, Inc.*, No. 99-9219, 2001 U.S. Dist. LEXIS 2036, *9 (S.D.N.Y. Mar. 1, 2001) (same); *cf. Bottini v. Lewis & Judge Co.,* 211 A.D.2d 1006, 621 N.Y.S.2d

753, 754 (App. Div. 3d Dep't 1995).

Plaintiff was not required to sign the arbitration agreement to be bound by it, as "it is well-established that a party may be bound by an agreement to arbitrate even absent a signature." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987); *accord Brown v. St. Paul Travelers Cos.*, 331 F. Appx. 68, 69 (2d Cir. 2009) (plaintiff deemed to have accepted the arbitration policy by continuing to work after being advised that it was his responsibility to read and understand company policies, including the arbitration policy); *see also Gil v. Bensusan*, 2019 WL 12334706, at *3 (S.D.N.Y. 2019); *Dubois v. Macy's East Inc.,* 338 Fed. Appx. 32 (2d Cir. 2009)(arbitration compelled under New York law due to failure to opt-out of agreement); *Gonzalez v. Toscorp Inc.*, No. 97-8158, 1999 U.S. Dist. LEXIS 12109, *5-7 (S.D.N.Y. 1999); *Tsadilas*, 786 N.Y.S.2d 478. Plaintiff cannot claim that he was unaware of the agreement, and he cannot claim that he did not understand the agreement in order to circumvent it. *See Victorio v. Sammy's Fishbox Realty Co., LLC*, 2015 U.S. Dist. LEXIS 61421, at *11 (S.D.N.Y. 2014) ("Under New York law, a party will not be excused from his failure to read and understand the contents of a document.")

(c) <u>Consideration</u>.

Ample consideration supports the parties' arbitration agreement. Continued employment after receiving notice of an arbitration policy is sufficient to manifest assent to a binding agreement to arbitrate. *See Cypress v. Cintas Corp. No. 2,* 2017 U.S. Dist. LEXIS 19941, at *6 (E.D.N.Y. 2017)(offer of employment "indisputably constitutes valid consideration for the bargain."); *anigault*, 318 Fed. Appx. at *8 (citing *Bottini v. Lewis & Judge Co.*, 211 A.D.2d 1006, 621 N.Y.S.2d 753, 754 (App. Div. 3d Dep't 1995); *Hanlon v. MacFadden Publ'ns, Inc.,* 302 N.Y. 502, 505-06, 99 N.E.2d 546 (1951); *Waldman v. Englishtown Sportswear, Ltd.,* 92 A.D.2d 833, 460

N.Y.S.2d 552, 555 (App. Div. 1st Dep't 1983)); *see also Credit Suisse First Boston Corporation v. William Pitofsky*, 4 N.Y.3d 149, 791 N.Y.S.2d 489, 492 (2005). Furthermore, Allstate's agreement, in the MAA, to bind itself to the arbitration agreement, and foreclose its right to seek redress in the courts, also is sufficient consideration. *See Hellenic Lines Ltd. v. Louis Dreyfus Corp.*, 372 F.2d 753, 758 (2d Cir. 1967) (one party's agreement to arbitrate sufficient consideration for agreement); *see also Doctor's Assocs. v. Alemayehu*, 934 F.3d 245, 253 (2d. Cir. 2019) (bargained-for-performance in exchange for agreement to arbitrate constitutes sufficient consideration); *see also Abeona Therapeutics, Inc. v. EB Research P'ship*, 2019 U.S. Dist. LEXIS 24376, at *10 (S.D.N.Y 2019) (mutual promises to arbitrate constitute consideration sufficient to support an arbitration agreement); *Tinder v. Pinkerton Sec.*, 305 F.3d 728 (7th Cir. 2002) (employee's continued employment and employer's promise to bind itself to arbitration policy is sufficient consideration for agreement).

    2.    *The Arbitration Agreement Covers Plaintiff's Claims*

Whether a particular dispute falls within the scope of an arbitration agreement is a question for the Court to resolve. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002). "The question whether the parties have submitted a particular dispute to arbitration" is considered a "question of arbitrability." *Id.* (emphasis removed). As a matter of law under the FAA, a "question of arbitrability" presents "an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Id.* (alteration in original) (internal quotation marks omitted); *see also First Options v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

The arbitration agreement is very broad and, subject to certain exceptions, specifically provides:

> Except as noted below [in specific instances outlined in paragraph 2 of the MAA], you agree to arbitrate **any and all claims against Allstate that could be brought in a court including, without limitation, all claims arising directly or indirectly from your employment or termination.**

Exh. A, ¶1 (emphasis added). A court may not deny a party's request to arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

Plaintiff's claims based upon allegations of age and religious discrimination, as well as retaliation, are all employment related and, as such, "fall squarely within the scope of the arbitration agreement." *Feroce*, *supra* at *20. Indeed, the FAA applies a presumption of arbitrability. *Moses H. Cone*, 460 U.S. at 24-25; *accord Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006) (holding "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy [the Second Circuit has] often and emphatically applied.") Therefore, because Plaintiff agreed to arbitrate such disputes, Plaintiff should be compelled to arbitrate this matter.

3. *This Action Should Be Stayed Pending the Outcome of Arbitration*

Staying this case pending the outcome of arbitration is appropriate. All of Plaintiff's claims against Allstate are arbitrable, and Section 3 of the FAA provides, in relevant part, that courts must stay litigation "until…arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. This stay requirement prevents litigation from continuing in federal court until a final award has been awarded in arbitration. *See Brown v. Peregrine Enters., Inc.*, 2023 U.S. App.

LEXIS 33730, at *3 (2d. Cir. 2023). Then, the stay can be lifted to allow for "a subsequent proceeding to confirm, modify, or set aside the arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202 (2002) (citing 9 U.S.C. §§ 9 – 11). Because all of Plaintiff's claims against Allstate are subject to arbitration, Allstate requests the Court stay the action pending the completion of the arbitration.

## CONCLUSION

For the foregoing reasons, Defendant Allstate Insurance Company respectfully requests that the Court enforce the parties' agreement to arbitrate, compel Plaintiff Malachy P. Lyons, Jr. to arbitrate his claims and stay the action until the arbitration is completed, and order any additional relief the Court deems appropriate.

Dated: October 16, 2024  Respectfully submitted,

*/s/ Linda Wong*
Linda Wong, Esq.
**WONG FLEMING**
Americas Tower
1177 6th Avenue, 5th Floor
New York, New York 10036
Tel.: (212) 643-9668
Fax: (212) 643-9640
*Attorneys for Defendant Allstate Insurance Company*